ALBERT B. FURBISH *et al. vs.* JOHN F. PONSARDIN.

Androscoggin, 1876.—November, 27, 1876.

### *Arbitration.*

The acceptance or rejection of an award or report of a referee is a question of discretion, not of law. If the court to which the award is returned refuses to recommit it, the decision is not subject to revision by a court of law on exceptions.

ON EXCEPTIONS.

There was an award of a referee made in the case at the January term of this court, 1876, under a rule of reference previously issued therefrom.

Before the acceptance of the award, the defendant moved that it be re-committed to the referee therein, for his further consideration ; because,

I.    There now appear to be structural defects in the building, which did not appear at the time of the hearing, but which were demonstrated by the effect of the wind and storm which occurred on or about the second instant, and on the fifteenth instant.

II.    That the effect of said storm and wind has been to displace the entire roof, and throw the walls out of plumb, so that from two to three feet of the upper walls must be taken down and rebuilt. The slates are badly damaged, broken and blown off. The trimmings of the buttresses are displaced, and the buttresses themselves damaged.    The roof is so far injured that it cannot be made perfect by repairing.

III. The walls, roof and entire building are permanently injured.

IV. The injury would not have occurred, if the roof and walls had been properly constructed.

V. The work was not done according to the specifications and the plans of the architect.

VI. These defects, omissions and departures, were not known at the time of the hearing before the referee ; and the award was based upon the assumption that whatever had been done by the plaintiff, was done thoroughly, and in accordance with the plans and specifications.

And the said defendant further alleges, that the foregoing facts were not known to him at the time of the hearing before said referee, and could not have been known to him by reasonable diligence, and that he has discovered these facts since said hearing, and on, or about the second and fifteenth days of the present month.

The defendant introduced evidence in support of his motion, which the presiding justice after hearing denied ; and the defendant alleged exceptions.

*B. Bradbury & A. W. Bradbury,* for the defendant.

*W. P. Frye, J. B. Cotton & W. H. White,* for the plaintiffs.

APPLETON, C. J. This case was referred by rule of court. The award of the referee being offered for acceptance, the defendant moved its re-commitment on the ground of newly discovered testimony. The evidence offered in support of the motion having been heard, the presiding justice refused to re-commit and accepted the award, to which the defendant alleges exceptions.

The acceptance or rejection of an award or report of a referee is a question of discretion, not of law. If the court to which the award is returned refuses to re-commit it, the decision is not subject to revision by a court of law on exceptions. In *Walker* v. *Sanborn,* 8 Maine, 288, it was held that the question of the recommitment of a report of referees appointed under a rule of court is one addressed to its discretion, and that its decision is not the subject of a bill of exceptions. In *Cutler* v. *Grover,* 15 Maine,

159, Whitman, C. J., says, "whether the report should be accepted or rejected, upon the evidence adduced in the court below, depended upon the discretion of the judge. There is no proper ground upon which we can set aside his judgment and substitute our own." In *Preble* v. *Reed*, 17 Maine, 169, 172, it was decided that the acceptance or rejection of the report of referees was a discretionary power entrusted to the court, and that exceptions could not be alleged to its exercise of such power. In *Harris* v. *Seal*, 23 Maine, 435, 437, the previous decisions of this court were affirmed, and it was held that the refusal to re-commit a report would be no legal ground for exceptions.

The justice presiding heard the proofs and the arguments of counsel, and upon full deliberation accepted the report of the referee. His judgment is conclusive. His discretion is final. It must determine the rights of the parties.

*Exceptions overruled.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.